# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL NO. 19-43 |
| : | |
| JOSEPH BLEIER, : | |
| a/k/a "Mike," : | |
| a/k/a "Polar Bear" : | |

## GOVERNMENT'S MOTION FOR JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Eileen Zelek, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and in support of this motion, the United States represents as follows:

1. On January 17, 2019, defendant Joseph Bleier was charged by Indictment with use of an interstate commerce facility to entice a minor to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2422(b) (Count One); and travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count Two).

2. The Notice of Forfeiture in the Indictment alleges that the defendant's interest in certain property is forfeitable, pursuant to 18 U.S.C. § 2428, as a result of the offense charged in Counts One and Two.

3. On February 28, 2020, the defendant entered into a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Count Two of the Indictment, and the

government agreed to dismiss Count One of the Indictment. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5. On June 18, 2020, the defendant pled guilty at his change of plea hearing to Count Two of the Indictment.

6. Based upon the facts set forth at the change of plea hearing, and those set forth in the record as a whole, the defendant is required, pursuant to 18 U.S.C. § 2428(a)(1), to criminally forfeit his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of 18 U.S.C. § 2423(b), as set forth in Count Two of the Indictment, and to which the defendant has admitted guilt.

7. The government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count Two of the Indictment, and that the government has established the requisite nexus between such property and such offense:

   a) one (1) Silver with black Otterbox Samsung Galaxy S7 Edge cell phone, Model: SM-G935A, IMEI: 352331081993233, SN: RF8HB3BTYND;

as the cell phone used or intended to be used to commit or to facilitate the commission of the aforesaid offense (hereinafter referred to as the "Subject Property").

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and

the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

11. The government requests authority to undertake publication of the forfeiture order and notify potential third-party claimants, pursuant to Fed. R. Crim. Proc. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation Unit


*/s/ Eileen Castilla Zelek*
EILEEN CASTILLA ZELEK
Assistant United States Attorney

Date: November 25, 2020

# CERTIFICATE OF SERVICE

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served electronically through the District Court Electronic Case System upon:

Mythri A. Jayaraman
Federal Community Defender
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
mythri_jayaraman@fd.org
215-928-1100

*/s/ Eileen Castilla Zelek*
EILEEN CASTILLA ZELEK
Assistant United States Attorney

Date: November 25, 2020

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 19-43 |
| | : | |
| JOSEPH BLEIER, | : | |
| a/k/a "Mike," | : | |
| a/k/a "Polar Bear" | : | |

## **JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea to travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2324(b) (Count Two), the defendant hereby forfeits to the United States, pursuant to 18 U.S.C. § 2428(a)(1), all interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the said offense.

2. The Court has determined, based on the facts set forth at the change of plea hearing and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count Two of the Indictment and that the government has established the requisite nexus between such property and such offense:

   a) one (1) Silver with black Otterbox Samsung Galaxy S7 Edge cell phone, Model: SM-G935A, IMEI: 352331081993233, SN: RF8HB3BTYND;

as the cell phone used or intended to be used to commit or to facilitate the commission of the aforesaid offense (hereinafter referred to as the "Subject Property").

3. The defendant's interest in the Subject Property, used or intended to be used to commit or to facilitate the violation of 18 U.S.C. § 2324(b) (Count Two), to which the defendant admitted guilt, is forfeited to the United States.

4. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, if it is not already in the government's custody, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

6. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's

right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

7.  The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

8.  Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9.  Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, at the time of his sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

10. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI") and to counsel for the parties.

**ORDERED this    day of                , 2020.**

_____
HONORABLE JEFFREY L. SCHMEHL
*Judge, United States District Court*